**LANGMAN FABRICS, a division of Block's Fashion Fabrics, Inc., Plaintiff,**

v.

**SAMSUNG AMERICA, INC., and Fashion Initiatives, Inc., Defendants.**

No. 96 CIV. 7433(HB).

United States District Court, S.D. New York.

March 16, 1998.

John P. Bostany, The Bostany Firm, New York, NY, for Plaintiff.

Ira N. Glauber, Jaffe & Asher, New York, NY, for Defendant Samsung America Inc.

Thomas A. Catalano, Lester Schwab Katz & Dwyer, New York, NY, for Defendant Fashion Initiatives.

## OPINION AND ORDER

BAER, District Judge.

In this copyright infringement case, by Order and Opinion dated July, 2, 1997, I granted defendants' motion for summary judgment, dismissing plaintiff's complaint, and denied plaintiff's cross-motion for summary judgment. Defendant Fashion Initiatives now moves pursuant to Rule 60(a) and (b)(1) to clarify that Opinion and Order and the Judgment entered in this action to (1) state that summary judgment was granted on defendant Fashion Initiatives' First and Second Counterclaims, declaring that plaintiffs' copyright is invalid and ordering the Register of Copyrights to cancel plaintiff's Copyright Registration No. 174–563; (2) directing that defendant Fashion Initiatives' remaining Counterclaims be severed and continued; and (3) awarding defendant Fashion Initiatives its reasonable attorneys' fees, costs and disbursements. For the reasons stated below, the motion is granted in part and denied in part.

## I. Discussion

### A. Defendant's Counterclaims

Defendant Fashion Initiatives moved for summary judgment on its First and Second counterclaims, which seek a declaratory judgment canceling plaintiff's copyright and for an order directing the Register of Copyrights to cancel plaintiff's registration. I did not explicitly address these Counterclaims in my Order and Opinion; however, in dismissing plaintiff's complaint, I ruled that plaintiff did not own the copyright at issue, therefore resolving the legal issues that underlie these Counterclaims. Accordingly, the Judgment in this case should be amended pursuant to Fed.R.Civ.P. 60(a) and 60(b)(1) to provide that Fashion Initiatives' motion for summary judgment on its First and Second Counterclaims is granted.

Plaintiff argues that judicial economy would be served by denying defendant's application to declare the copyright invalid and cancel the registration because an appeal is currently pending in the Second Circuit. Plaintiff contends that should it prevail on appeal, judicial economy would be served in reducing the amount of orders to be issued by the copyright office. However, this procedure would result in piecemeal appeals of the kind proscribed by the final judgment rule. All of the issues in this case, including the declaratory judgment and copyright cancellation issues should be adjudicated and then brought before the Second Circuit at one time. Plaintiff's concern about the copyright office having to cancel and then potentially reinstate the registration can be alleviated by staying the order of cancellation until the Second Circuit has ruled on the appeal.

With respect to the defendant's remaining three counterclaims, these claims are purely state law claims. Because my Order and Opinion disposed of all the federal claims in this case, I decline to exercise supplemental jurisdiction over the state law counterclaims, pursuant to 28 U.S.C. § 1367(c)(3). In order to alleviate any confusion, the Order and Judgment is amended and the defendant Fashion Initiatives' third, fourth and fifth counterclaims are dismissed.

*B. Attorneys' Fees*

■ Turning to the motion for an award of attorneys' fees, costs and disbursements in this matter, the Copyright Act of 1976 provides in relevant part that in any copyright infringement case, the "the court may...award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Pursuant to this act, attorneys' fees may be granted equally to defendants and plaintiffs alike. *Fogerty v. Fantasy,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Attorney's fees shall only be awarded to the prevailing party, however, as a matter of the Court's equitable discretion. *See id.,* 510 U.S. at 534. In deciding upon an award, the trial court considers several factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty,* 510 U.S. at 534 n. 19.

■ Here, upon a review of these considerations, I find that attorneys' fees should not be awarded. There is no showing that plaintiff was motivated by bad faith or commenced its action frivolously. Moreover, its claims were not objectively unreasonable in the factual or legal sense. The determination of the first issue I addressed in this case—whether or not a date was required on the plaintiff's Copyright notice—involved a determination of whether or not fabric was a "useful article," which, while I rejected plaintiff's argument that fabric was a "useful object", was not objectively unreasonable. The second issue I addressed—whether the plaintiff owned the copyright—involved whether or not a freelance assistant who designed the copyrighted pattern was an employee of plaintiff. While I rejected the plaintiff's argument on this ground as well, it again was not objectively unreasonable. Accordingly, defendant's motion to clarify the Order and Judgment in this case insofar as it seeks an award of attorneys' fees is denied.

### III. *Conclusion*

For the foregoing reasons, defendant's motion to clarify the Opinion and Order dated July 2, 1997 and the Judgment dated July 7,

1997 is granted in part and denied in part as follows. The Order and Judgment should be amended to provide that defendant Fashion Initiatives' motion for summary judgment on its First and Second Counterclaims, declaring that plaintiffs' copyright is invalid and ordering the Register of Copyrights to cancel plaintiff's Copyright Registration No. 174–563 entered in this action, is granted and that defendant Fashion Initiatives' Third, Fourth and Fifth Counterclaims are dismissed on the ground that this Court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3). Defendant Fashion Initiatives' motion for attorneys' fees is denied.

**SO ORDERED.**